81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James W. COTTON, Jr., Petitioner-Appellant,
v.
Donald A. DORSEY, Warden; Tom Udall, Attorney General for
the State of New Mexico, Respondents-Appellees.
 No. 95-2025.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from the district court's denial of federal habeas relief, 28 U.S.C. 2254, from his New Mexico convictions on five counts of criminal sexual contact of a minor by a person in a position of authority, N.M. Stat. Ann. 30-9-13, and two counts of criminal sexual penetration of a minor by a person in a position of authority, N.M. Stat. Ann. 30-9-11. On appeal, petitioner asserts six grounds for habeas relief: 1) the state trial court violated petitioner's right to due process by failing to instruct the jury on the use of "force or coercion" as an element essential to his convictions under both statutes; 2) the New Mexico Supreme Court's misinterpretation of these two statutes as not including "force or coercion" as an essential element deprived petitioner of due process; 3) the New Mexico Supreme Court's erroneous interpretation of these statutes has made the statutes unconstitutionally vague and overbroad; 4) the state trial court denied petitioner due process because it did not require the state to prove beyond a reasonable doubt petitioner's use of "force or coercion"; 5) petitioner's trial counsel was ineffective because he failed to request a jury instruction defining "force and coercion"; and 6) the consecutive sentences petitioner received for criminal sexual contact and criminal sexual penetration violated the double jeopardy protection from multiple punishments for the same conduct.
 
 
 3
 This court will review the district court's denial of habeas relief de novo. Medina v. Barnes, 71 F.3d 363, 366 (10th Cir.1995). Upon careful consideration of the entire state court record and the parties' arguments asserted on appeal, we AFFIRM the denial of habeas relief for substantially the reasons stated in the magistrate judge's recommended disposition, December 22, 1994, adopted by the district court in its order of January 23, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3